IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GRISEL VALENTIN, ) | |
| ) | CASE NO. 3:21-cv-00674-MGL |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE ARMY, FORT JACKSON, ) | |
| MAGRUDER CHAPEL, and JOHN ) | |
| DOE, INDIVIDUALLY, ) | |
| ) | |
| Defendants. ) | |

Now comes Plaintiff Grisel Valentin, by and through her undersigned counsel, and for her Complaint states as follows:

**PARTIES**

1. Plaintiff, Grisel Valentin, (herein "Ms. Valentin") is a citizen and resident of the County of Richland, State of South Carolina.

2. Defendant United States Department of the Army (hereinafter "Army"), is a military department of the United States Department of Defense and is responsible for the administration and operation of the United States Army.

3. Upon information and belief, at all times relevant herein, Defendant Army controlled and operated the Fort Jackson in or near Columbia, South Carolina, and Defendant Magruder Chapel located at 4360 Magruder Ave, Columbia, SC 29207 (hereinafter "Magruder Chapel").

4. Upon information and belief, the United States of America is a body politic which for the purposes of this litigation operates through its executive branch, the Department of Defense and more specifically the United States Army.

5. Upon information and belief, Defendant John Doe, is a citizen and resident of the State of South Carolina.

6. Upon information and belief, Defendant John Doe was an agent, employee, or representative of and at Magruder Chapel at all times relevant to this matter and was acting within the scope of his/her employment.

7. At all times relevant hereto, the Army, Magruder Chapel, and John Doe, were acting as a duly authorized agent of the United States of America, under its supervision, authority, and control.

## JURISDICTION AND VENUE

8. This action arises under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.*, and Plaintiff has complied with all administrative prerequisites to the institution of suit.

9. This Court has jurisdiction of the instant action pursuant to 28 U.S.C. §1331, in that this case arises under the Federal Tort Claims Act, and pursuant to 28 U.S.C. §1346, in that this Court has original jurisdiction over all claims against the United States of America and the various agencies thereof, including the United States Army and Magruder Chapel.

10. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. §1402(b), in that Plaintiff resides in this judicial district at the time of the accident and the accident that gives rise to this litigation occurred in this district.

## FACTUAL BACKGROUND

11. The Army and Magruder Chapel are agencies of the United States of America.

12. On or about, July 15, 2018, Ms. Valentin lawfully entered Magruder Chapel as a volunteer.

13.   Inside Magruder Chapel there was a loose wire/cord laid across the floor.

14.   At no time prior to the fall did Ms. Valentin know about the wire/cord on the ground.

15.   At all times relevant herein, Defendants and/or their employees, agents and/or representatives knew or should have known about the wire/cord on the ground.

16.   Upon information and belief, Defendants and/or their employees, agents and/or representatives failed to place warning placards, signs and/or cones in the area of the wire/cord and/or failed to secure or tack down the wire/cord to the floor in order to protect and/or warn invitees, including Ms. Valentin, from/of the presence of a latent condition and created hazard located on the floor which presented a trip and fall hazard.

17.   Due to the lack of warning placards, signs and/or cones, and the failure to secure or tack down the wire/cord to the floor by the Defendants and/or their employees, agents and/or representatives, Ms. Valentin was unable to notice, anticipate, and/or avoid the presence of the latent condition and/or created hazard present in the Holiday Inn in the form of, but not limited to, the wire/cord.

18.   On or about, July 15, 2018, while attempting to traverse the area of the wire/cord in the chapel, Ms. Valentin's foot became caught on the loose wire/cord causing her to fall to the ground.

19.   As a result of her fall, Ms. Valentin experienced significant injuries and other damages including but not limited to past and future medical bills, lost wages, and pain and suffering.

20.   Defendants and/or their employees, agents and/or representative owed a duty of due care to invitees, including Ms. Valentin.

21.   Defendants and/or their employees, agents and/or representatives knew or should have known that a wire/cord was present on the floor prior to Ms. Valentin entering or traversing the area where the wire/cord was placed in the chapel.

22.     Defendants and/or their employees, agents and/or representatives had actual and/or constructive knowledge of the wire/cord in the area through which Ms. Valentin attempted to traverse and fell, prior to Ms. Valentin encountering the cord/wire in Magruder Chapel.

23.     Defendants and/or their employees, agents and/or representatives knew or should have known of the latent hazards associated with the wire/cord present on the floor in an area of the chapel that received heavy traffic such that they created a latent condition and a trip and fall hazard to invitees, including Ms. Valentin, who attempted to walk through the area where the cord/wire was laid.

24.     Defendants and/or their employees, agents and/or representatives created a hazardous condition (i.e. the cord/wire) to invitees, including Ms. Valentin.

25.     Defendants and/or their employees, agents and/or representative undertook and were under a duty to invitees, including Ms. Valentin, in one or more of the following particulars, but not limited to:

> a) to maintain a reasonably safe environment in Magruder Chapel;
>
> b) to use reasonable care to discover any unreasonably dangerous conditions present in Magruder Chapel and to either put the premises in a reasonably safe condition or to warn of the dangerous conditions;
>
> c) to provide and/or utilize proper warning placards, signs and/or cones, to warn invitees, including Ms. Valentin, of dangerous latent conditions and trip and fall hazards that existed in Magruder Chapel including, but not limited to, the wire/cord;
>
> d) to implement proper procedural safeguards and communication systems that make all employees and/or agents of Defendants aware of hazardous conditions on its floors that are likely to cause injury to customers;

  e) to hire, employ, contract with, or otherwise train or supervise persons knowledgeable in customer safety or otherwise capable of evaluating the risks of hazardous conditions on its floors;

  f) to not create dangerous latent conditions and trip and fall hazards in Magruder Chapel;

  g) to ensure that any wire/cord that was placed or laid across or on the floor was secured or laid in a reasonable manner such that it did not create a latent condition and a trip and fall hazard; and

  e) any such other particulars the evidence may show.

26. Defendants and/or their employees, agents and/or representative breached those duties of care and acted with negligence, negligence per se, gross negligence, willfully, wantonly and recklessly and with careless disregard for Ms. Valentin's safety in one or more of the following particulars, but not limited to:

  a) by failing to maintain a reasonably safe environment in Magruder Chapel;

  b) by failing to use reasonable care to discover any unreasonably dangerous conditions present in Magruder Chapel and to either put the premises in a reasonably safe condition or to warn of the dangerous conditions;

  c) by failing to provide and/or utilize proper warning placards, signs and/or cones, to warn invitees, including Ms. Valentin, of dangerous latent conditions and trip and fall hazards that existed in Magruder Chapel including, but not limited to, the wire/cord;

  d) by creating dangerous latent conditions and trip and fall hazards in Magruder Chapel, including but not limited to, the wire/cord;

e) by failing to implement proper procedural safeguards and communication systems that make all Defendants' employees and/or agents aware of hazardous conditions on its floors that are likely to cause injury to invitees;

f) by failing to hire, employ, contract with, or otherwise train or supervise persons knowledgeable in customer safety or otherwise capable of evaluating the risks and hazards of hazardous conditions on its floors;

g) by failing to ensure that any wire/cord that was on the floor was secured, tacked down or laid in a reasonable manner such that it did not create a latent condition and a trip and fall hazard; and

h) any such other particulars the evidence may show.

27. As a direct and proximate result of all Defendants' negligence, negligence per se, gross negligence, willful, wanton, reckless, and careless conduct, Ms. Valentin suffered damages including, but not limited to:

    (a)    physical pain;

    (b)    lost wages;

    (c)    pain and suffering;

    (d)    mental anguish;

    (e)    emotional distress;

    (f)    impairment of health and bodily injury;

    (g)    loss of Plaintiff's enjoyment of life;

    (h)    increase susceptibility to future injury;

    (i)    disfigurement;

    (j)    alteration of lifestyle;

(k)   psychological trauma;

(l)   mental distress;

(m)   apprehension;

(n)   anxiety;

(o)   psychological injury;

(p)   depression;

(q)   out-of-pocket expenses;

(r)   medical expenses, including physicians, hospital, medicines, physical therapy expenses, rehabilitation expenses, and transportation expenses connected to the medical treatment; and,

(s)   such other damages as the evidence may show.

WHEREFORE, the Plaintiffs pray for judgement against the Defendants on all claims alleged herein in such sum of special, general, and consequential damages that may be determined, together with such other relief this Court may deem just and proper.

Respectfully Submitted,

Shelly Leeke Law Firm LLC

*/s/Kassandra J. Garan*
Kassandra J. Garan Esq.
Federal Bar No. 12924
3614 Ashley Phosphate Rd.
North Charleston, SC 29418
Tel: (843) 297-8485
Fax: (843) 297-8497

March 9, 2021
North Charleston, South Carolina

kassandra.garan@leekelaw.com
Attorney for Plaintiff